# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **The Bank of New York, as trustee for the holders of the EQCC Asset Backed Certificates, Series 2001-1F** | Case No. 1:05-cv-02572 |
| | District Judge John R. Adams |
| **Plaintiff** | |
| vs. | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |
| **Beatrice Moore, et al.** | |
| **Defendants.** | |

UNITED STATES DISTRICT JUDGE JOHN R. ADAMS

This matter is before the Court on the motion of Plaintiff The Bank of New York, as trustee for the holders of the EQCC Asset Backed Certificates, Series 2001-1F's Motion for Default Judgment and Decree in Foreclosure, to obtain judgment on the Note as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1. The following defendants are in default of Motion or Answer:

    a. Bank of America, N.A. and
    b. Unknown Heirs, Legatees, Devisees, Administrators, Executors, Successors and Assigns of Beatrice Moore, Deceased;

2. The Clerk's Entry of Default was filed herein on August 24, 2006.

The Court therefore grants Plaintiff's Motion for Default Judgment with respect to such defendants.

The Court finds that Beatrice Moore executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments

on or before the date such payments were due.  The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage.  The Court further finds that Beatrice Moore executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default.  The Court further finds that there is due on the Note principal in the amount of $76,344.23 plus interest on the principal amount at the rate of 8.94% per annum from May 29, 2005.

The Mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Cleveland, County of Cuyahoga, and State of Ohio and known as being Sublot No. 5 in the Svec Allotment of part of Original One Hundred Acre Lots Nos. 454 and 462, as shown by the recorded plat in Volume 50 of Maps, page 37 of Cuyahoga County Records and being 40 feet front on the Northerly side of Svec Avenue, S.E., 145.30 feet deep on the Westerly line, 145.38 feet deep on the Easterly line and 40 feet wide in the rear as appears by said plat, be the same more or less, but subject to all legal highways.
>
> Parcel Number:  137-18-093
>
> Commonly known as:  13201 Svec Avenue, Cleveland, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on May 29, 2001, and recorded as Instrument Number 200105290666 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on November 30, 2005 as Instrument Number 200511300190 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendant-titleholder foreclosed.

**IT IS THEREFORE ORDERED,** that unless the sums hereinabove found to be due to

Plaintiff The Bank of New York, as trustee for the holders of the EQCC Asset Backed Certificates, Series 2001-1F, and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant-titleholder in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner, directing him to appraise, and sell same at public sale, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002. The Master Commissioner shall report his proceedings to this Court.

**ORDERED FURTHER**, that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the Master Commissioner's Sale.

2. To the plaintiff The Bank of New York, as trustee for the holders of the EQCC Asset Backed Certificates, Series 2001-1F, the sum of $76,344.23, with interest at the rate of 8.94 percent per annum from May 29, 2005.

3. To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

4. The balance of the sale proceeds, if any, shall be held by the Master

Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Because Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale.  Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE:** November 26, 2006

    s/John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE